IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER HARRIS, #R74862, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTOPHER THOMPSON, *et al.*, <br><br> Defendants. | Case No. 20-cv-01093-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a motion for summary judgment on the issue of failure to exhaust administrative remedies filed by Defendants Thompson, Skorch, Heck, and Mercier. (Doc. 36). Plaintiff Christopher Harris filed a response in opposition. (Doc. 46).

### BACKGROUND

Plaintiff Christopher Harris, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, initiated this action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. In the Complaint, Plaintiff alleges that he is designated as having a serious medical illness ("SMI"), and Defendants placed him and allowed him to remain in segregation without consulting a mental health professional. Following review of the Complaint pursuant to 28 U.S.C. §1915A, Plaintiff is proceeding with an Eighth Amendment claim against Thompson, Skorch, Heck, and Mercier for deliberate indifference to Plaintiff's serious mental health needs. (Doc. 8).

On October 17, 2022, Defendants filed a motion for summary judgment. (Doc. 36, 37). Defendants argue that Plaintiff failed to exhaust his administrative remedies prior to initiating this suit, as is required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. 1997e(a). They

Page 1 of 6

identify four grievances related to the issues alleged in the Complaint, Grievances #4199-12-19, #4259-72-19, #25-01-20, and #116-01-20. Defendants state that Grievance #4199-12-19 was the only grievance properly exhausted but does not allege that members of the Adjustment Committee, Defendants Skorch and Heck, were aware of his SMI status and ignored that status when finding him guilty of the disciplinary report. (Doc. 37, p. 7). They assert that the other three grievances were not filed and appealed according to IDOC procedure. Thus, none of the grievances properly exhausted Plaintiff's claims in this case.

In the response in opposition, Plaintiff points to Grievance #116-01-20 as properly exhausting his claims. (Doc. 46). He agrees that he did not appeal this grievance to the Administrative Review Board after receiving a determination from the chief operating officer. Plaintiff argues, however, that he did not have to appeal this grievance since the grievance was affirmed and resulted in his disciplinary report being expunged. Plaintiff does not dispute Defendants' contention that the other three grievances, Grievances #4199-12-19, #4259-72-19, and #25-01-20, cannot serve to exhaust his administrative remedies. (*Id.* at p. 2).

## LEGAL STANDARDS

### I. Summary Judgment

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Any doubt about the existence of a genuine issue must be resolved in favor of the nonmoving party. *Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004). The moving party is entitled to judgment as a matter of law when the pleadings, answers to interrogatories, depositions, and admissions, along with affidavits, show that there is no genuine issue of material fact. FED. R. CIV. P. 56(c).

## II.     Exhaustion of Administrative Remedies

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). The PLRA states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id*. The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Exhaustion must occur before the suit is filed. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

The grievance procedure for IDOC inmates is laid out in the Illinois Administrative Code. 20 ILL. ADMIN. CODE § 504.800, *et seq*. If the inmate's grievance does not involve an emergency, the inmate must first file a grievance with the counselor within 60 days of the discovery of an incident. *Id.* at § 504.810(a). The grievance form must contain factual details regarding what happened, when, where, and the name of each person who involved in the complaint. *Id.* at 504.810(c). When the name of an individual is unknown, the inmate must include as much descriptive information about the person as possible. *Id.*

Grievances that are unable to be resolved through the counselor are then sent to the grievance officer. *Id.* at § 504.820(a). "The Grievance Officer shall consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer within two months after receipt of the grievance, when reasonably feasible under the circumstances." *Id.* at § 504.830(e). The chief administrative officer ("CAO") then reviews the findings and recommendation of the grievance officer and advises the offender of his or her decision in writing. *Id.* If the inmate is not satisfied with the response from the CAO, he can file an appeal the decision to the Administrative Review Board ("ARB"). *Id.* at § 504.850(a).

ANALYSIS

The Court finds that Plaintiff properly exhausted his administrative remedies as to his claims against Defendants Skorch and Heck, and the motion for summary judgment is denied in part and granted in part.

Plaintiff filed Grievance #116-01-20 on January 9, 2020, as an emergency. In this grievance, Plaintiff complains that he is designated SMI and did not have a mental health professional present at his disciplinary hearing in violation of the class action lawsuit *Rasho v. Baldwin*. (Doc. 37-2, p. 16). In addition to failing to consult the mental health department, Plaintiff states that the Adjustment Committee did not discuss the disciplinary report and the punishment imposed. Plaintiff further grieves that because he is SMI, he should be serving half of the segregation time. Thus, he should be serving only 1 month in segregation, rather than the full 2 months. He asks to be released from segregation and to no longer be on C-grade status. (*Id.*).

The grievance was determined not be an emergence by Warden Thompson and returned to Plaintiff. He resubmitted the grievance according to procedures, and the grievance was reviewed by Grievance Officer Mercier on February 19, 2020. (*Id.* at p. 15). Mercier found that Plaintiff's rights were violated because the mental health department was not consulted in disciplinary hearing, and Plaintiff was designated as SMI at the time. Mercier recommended that the disciplinary report be expunged, and the grievance be affirmed. On February 21, 2020, the chief administrative affirmed the recommendation. (*Id.*).

Because Plaintiff received a favorable ruling by the chief administrative officer, he did not need to appeal the grievance to the ARB as Defendants argue. *See Thornton v. Snyder,* 428 F. 3d 690, 696-97 (7th Cir. 2005). Accordingly, Grievance #116-01-20 properly grieved Plaintiff's claims against Adjustment Committee Members Skorch and Heck. Summary judgment will be denied as to them.

The Court finds, however, that Grievance #116-01-20 cannot serve to grieve Plaintiff's claims against Grievance Officer Mercier and Warden Thompson. Plaintiff is proceeding on an Eighth Amendment claim against Mercier and Thompson for being aware that he was wrongfully placed in segregation without review by a mental health professional and failing to act to correct the violation. (Doc. 1, p. 4). In the Complaint, Plaintiff alleges that he notified these two individuals that he was placed in segregation without review by a mental health professional by writing Grievance #25-01-20, dated January 6, 2020. Thompson reviewed the grievance on January 8, 2020, and determined the grievance was not an emergency. After Plaintiff resubmitted the grievance, Mercier reviewed the grievance on February 13, 2020. (Doc. 1, p. 10; Doc. 37-1, p. 39). Plaintiff states Mercier wrongly determined that the issue was moot because Plaintiff "is not SMI any longer."

There is nothing from Grievance #116-01-20 that could support the inference that Plaintiff was complaining about administrators turning a blind eye to his improper placement in segregation. *See* 20 ILL. ADMIN. CODE § 504.810(b). Complaining that the Adjustment Committee Members were deliberately indifferent to Plaintiff's mental health needs during the disciplinary process is a distinct and unique claim from complaining that administrators are ignoring his complaints that he is being held in conditions that are exacerbating his mental health condition or he is being denied proper treatment. *See Roberts v. Neal Roberts v. Neal*, 745 F.3d 232, 236 (7th Cir. 2014) (explaining "fatal defect" in grievance was "the absence of anything in it to indicate that [the defendant] was the target"); *Waldrop v. Wexford Health Sources, Inc.,* 646 F. App'x 486, 490 (7th Cir. 2016). Common sense would also find that Grievance #116-01-20 did not intend to complain about Mercier and Thompson failing to properly act in response to Grievance #25-01-20, because Grievance #116-01-20 was filed on January 9, only three days after Grievance #25-01-20 was filed on January 6 and before Mercier's response and a final determination of Grievance

#25-01-20. Because there is nothing in Grievance #116-01-20 to identify Mercier and Thompson as the targets of the complaint or to implicate them in the alleged wrongdoing, Plaintiff has failed to exhaust his claims against Mercier and Thompson, and they will be dismissed without prejudice as Defendants in this case.

## DISPOSITION

For the reasons stated above, the Motion for Summary Judgment is **GRANTED in part** and **DENIED in part**. (Doc. 36). The claims against Defendants Mercier and Thompson are **DISMISSED without prejudice** for Plaintiff's failure to exhaust. This matter shall proceed on Count 1 against Defendants Skorch and Heck.

The stay on merits discovery is **LIFTED** and the parties can proceed with discovery on the merits. A new scheduling order will be entered by separate order.

**IT IS SO ORDERED.**

DATED:   August 29, 2023

                *s/Stephen P. McGlynn*
                **STEPHEN P. MCGLYNN**
                **United States District Judge**