IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHRISTOPHER HARRIS, #R74862,**

    **Plaintiff,**

v.        **Case No. 20-CV-01093-SPM**

**JEFFREY DENNISON, et al.,**

    **Defendant.**

## ORDER TO SHOW CAUSE

**McGLYNN, District Judge:**

On September 3, 2024, Defendants filed their motion for summary judgment (Doc. 57). Pursuant to Local Rule 7.1(b)(1)(A), Plaintiff had thirty days from the date of service to file a response to the motion. See SDIL-LR 7.1(b)(1)(A). On November 20, 2024, this Court allowed Plaintiff up to and including December 20, 2024, to file a response to the motion for summary judgment. (Doc. 63). As of this date, Plaintiff has not responded to the motion.

The Court also notes that the docket sheet reflects that Plaintiff currently resides at 3645 Orchard Drive, Apt. 11, Hammond, IN 46323. However, the most recent court order sent to his address was returned as undeliverable. (*See* Doc. 64). The Court, in multiple orders, has advised Plaintiff that if his address changes, he needs to notify the Court in writing within seven days and that the failure to do so could result in his case being dismissed for the failure to do so. (*See* Doc. 4, 8). The record does not reveal that Plaintiff informed the Court of his change of address.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In dismissing a case for lack of prosecution, the Seventh Circuit has indicated that a district court commits legal error "when it dismisses a suit 'immediately after the first problem, without exploring other options or saying why they would not be fruitful.'" *Sroga v. Huberman*, 722 F.3d 980, 982 (7th Cir. 2013) (quoting *Johnson v. Chicago Bd. of Educ.*, 718 F.3d 731, 732-733 (7th Cir. 2013)). The Seventh Circuit has suggested that in addition to warning the plaintiff, the court must consider essential factors such as "the frequency and egregiousness of the plaintiff's failure to comply with other deadlines, the effect of the delay on the court's calendar, and the prejudice resulting to the defendants." *Id.* (citing *Kruger v. Apfel*, 214 F.3d 784, 786-787 (7th Cir. 2000)).

Because of Plaintiff's lack of participation in the case, the Court **ORDERS** Plaintiff to **SHOW CAUSE** in writing on or before February 7, 2025, explaining why the case should not be dismissed for failure to prosecute. Further, the Court **DIRECTS** the Clerk of the Court to send a copy of this order to Plaintiff's last known address, 3645 Orchard Drive, Apt. 11, Hammond, IN 46323.

**IT IS SO ORDERED.**

**DATED:    January 17, 2025**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
